UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 23-cr-265(1) (MJD/DLM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) PLEA AGREEMENT AND |
| v. | ) SENTENCING STIPULATIONS |
| | ) |
| LATRE LAMONT ANDERSON, | ) |
| | ) |
| Defendant. | ) |

SCANNED
MAR 27 2024
U.S. DISTRICT COURT MPLS

The United States of America and the defendant, LATRE LAMONT ANDERSON, agree to resolve this case on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The defendant agrees to plead guilty to Count 15 of the Indictment, which charges him the possession with the intent to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The government agrees to move to dismiss the remaining counts of the Indictment as to this defendant at the time of sentencing.

2. **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count 15 of the Indictment. By pleading guilty, the defendant admits the following facts and admits that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines: Beginning in or about the fall of 2022 and continuing through on or about August 30, 2023, the defendant and others would frequently travel to Phoenix, Arizona, where they would obtain multi-

pound quantities of fentanyl, which they would then mail to various addresses in the Twin Cities area. They would then distribute the drugs to various drug distributors in Minnesota for further distribution. On at least three occasions from about March through May 2023, the defendant and others mailed packages from Phoenix to Minnesota, each containing several thousand grams of fentanyl. On July 30, 2023, the defendant was arrested in Saint Paul, Minnesota, and found in possession of approximately 3,500 fentanyl pills (approximately 380 grams) ~~and a Glock, .40 caliber pistol~~. On August 2, 2023, he was again arrested in ~~Saint Paul~~ Minneapolis and found in possession of another 11,000 fentanyl pills (approximately 1,208 grams). The defendant stipulates and agrees that he knowingly possessed with the intent to distribute 400 grams or more fentanyl, that he acted voluntarily, and that he knew his actions violated the law.

3. **Waiver of Pretrial Motions.** The defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file any pretrial motions in this case.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-

incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**. The defendant understands that Count 15 of the Indictment is a felony offense that carries the following statutory penalties:

   a. a mandatory minimum of 10 years in prison;

   b. a maximum of life in prison;

   c. a supervised release term of at least five years and up to a maximum supervised release term of life;

   d. a maximum fine of $10,000,000;

   e. assessment to the defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920;

   f. a mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013(a)(2)(A);

   g. the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1); and

    h. the forfeiture of drug-related assets.

7. **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. §§ 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guideline calculations:

    a. <u>Base Offense Level</u>. The government believes that the base offense level for this offense is 36 (at least 12 kilograms but less than 36 kilograms of fentanyl). USSG § 2D1.1(c)(2). The defendant reserves the right to argue that the base offense level for this offense is 34 (at least 4 kilograms but less than 12 kilograms of fentanyl). USSG § 2D1.1(c)(3).

    b. <u>Specific Offense Characteristics</u>. The government intends to argue that the defendant's base offense level should be increased by two levels for possession of a dangerous weapon. USSG § 2D1.1(b)(1). The defendant reserves the right to contest this enhancement. The parties agree that no other specific offense characteristics apply in this case.

    c. <u>Chapter 3 Adjustments</u>. The parties agree that no Chapter 3 adjustments apply in this case (except as provided for in paragraph 7.d., below).

    d. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional one-level reduction pursuant to USSG § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. The defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously

denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to USSG §§ 3C1.1 and 3E1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

e. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into criminal history category IV. USSG § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this plea agreement.

f. Guideline Range (Government Position). If the adjusted offense level is 35 (base offense level of 36, increased by two levels for possession of a dangerous weapon, and decreased by three levels for timely acceptance of responsibility) and the criminal history category is IV, the Sentencing Guidelines range would be 235 to 293 months of imprisonment (35/IV).

g. Guideline Range (Defense Position). If the adjusted offense level is 31 (base offense level of 34, decreased by three levels for timely acceptance of responsibility) and the criminal history category is IV, the Sentencing Guidelines range would be 151 to 188 months of imprisonment (31/IV).

h. Fine Range. If the adjusted offense level is 35, the Sentencing Guidelines fine range would be $40,000 to $10,000,000. If the adjusted offense level is 31, the Sentencing Guidelines fine range would be $30,000 to $10,000,000. USSG § 5E1.2.

i. Supervised Release. The Sentencing Guidelines specify a term of supervised release of five years. USSG § 5D1.2.

8. **Revocation of Supervised Release**. The defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an

additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3); USSG §§ 7B1.4 and 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to or at the time of sentencing.

12. **Disclosure of Assets**. The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

13. **Forfeitures**. The defendant agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any and all property constituting, or derived from, any proceeds he obtained directly or indirectly as a result of Count 15 of the Indictment, and any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of said violation.

14. **Waiver of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, his sentence, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by the defendant of the substantive reasonableness of a term of imprisonment above the high end of the Guidelines range determined by the district court. The defendant also waives the right to petition the Court under 28 U.S.C. § 2255 except based upon claims of ineffective assistance of counsel or any future retroactive changes to the law. The defendant has discussed these rights with his attorney. The defendant understands the rights being waived, and he waives these rights knowingly, intelligently, and voluntarily. The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below the low end of the Guidelines range determined by the district court.

15. **FOIA Requests**. The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552 and 552A.

16. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that

no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

ANDREW M. LUGER
United States Attorney

Date: 3/26/24

BY: THOMAS M. HOLLENHORST
Assistant United States Attorney
Attorney ID No. 46322

Date: 3-26-24

LATRE LAMONT ANDERSON
Defendant

Date: 3/26/24

JOHN FOSSUM, ESQ.
Attorney for Defendant

9